**Franklin C. SCHOONOVER and Karen K. Schoonover, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. 88–CV–70976–DT.

United States District Court, E.D. Michigan, S.D.

Sept. 1, 1988.

Franklin C. Schoonover, Southfield, Mich., for plaintiffs.

Geneva S. Halliday, Asst. U.S. Atty., Detroit, Mich., for defendant.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

HACKETT, District Judge.

Plaintiffs filed this lawsuit against the United States of America on March 14, 1988, seeking to recover for alleged damage to their boathouse and dock as a result of ice-breaking operations performed by the U.S. Coast Guard on the St. Clair River.

This matter is presently before the court on defendant's motion for summary judgment in which the government argues that the language of the construction permit for plaintiffs' boathouse and dock precludes plaintiffs' lawsuit.

Section 10 of the Rivers and Harbors Act, 33 U.S.C. § 403, expressly forbids the construction of any structure in navigable waters unless authorized by the Secretary of the Army. In this case, the permit granting permission of the United States for the construction of the plaintiffs' boathouse and dock was issued subject to the following condition:

> (j) That the United States shall in no way be liable for any damage to any structure or work authorized herein which may be caused by or result from future operations undertaken by the Government in the public interest.

Although the permit was issued in the name of a previous owner of the property in question, it is made expressly binding on assignees and successors in interest of the permittee by virtue of condition (q) thereof.

Ice-breaking operations conducted by the United States Coast Guard, whether in facilitation of navigation or in prevention of flooding, are clearly undertaken in the pub-

lic interest. All courts that have addressed the issue have held that any damage caused by such operations are barred by the permit clause cited above. *See United States v. 5.96 Acres of Land,* 593 F.2d 884 (9th Cir.1979) (condemnation by the U.S. of aquatic lands with previously permitted improvements—permit clause held to preclude the need for compensation); *Pacific Northwest Bell Telephone Company v. United States,* 549 F.2d 1313 (9th Cir.1977) (action for damages to submarine cable fouled by anchor of Coast Guard buoy—permit clause held to preclude recovery) *cert. denied,* 434 U.S. 820, 98 S.Ct. 62, 54 L.Ed.2d 76 (1977); *Boston Edison Co. v. Great Lakes Dredge and Dock Co.,* 423 F.2d 891 (1st Cir.1970) (action against U.S. for alleged negligence in dredging a navigable stream which caused damage to power cables under navigable stream—the permit clause was held to preclude recovery); *Consolidated Aluminum Corp. v. C.F. Bean Corp.,* 639 F.Supp. 1173 (W.D.La. 1986) (dredging damage to submarine cable—clause held to preclude recovery) *aff'd,* 833 F.2d 65 (5th Cir.1987).

Although the exact wording of the standard exculpatory clause has varied, the operative language is essentially the same. As the court stated in *Boston Edison supra* at 894:

> An examination of the language in [the clause] indicates that it contains the words 'The United States shall in no case be liable for any damage or injury.' Broader language for a complete disclaimer of financial responsibility in any and all events is difficult for this court to imagine.

The court went on to hold that this language precluded an action for recovery of damages by the United States, even if negligently caused.

Plaintiffs attempt to distinguish the present action from *Boston Edison* by arguing that defendant's conduct was intentional or grossly negligent. However, plaintiffs never argue that defendant's actions were not in the public interest.

> The effect of the condition [imposed by the exculpatory clause] is simply to place upon the permittee the risk of damage to the permitted structure resulting from activity of the United States that is undertaken to meet its continuing obligations respecting navigation. The condition ... is an aid to the carrying out of special duties and responsibilities imposed on the sovereign by law, and in that respect deals with problems that the very grant or permit would operate to create.

*Pacific Northwest Bell Telephone Co. v. United States,* 549 F.2d 1313, 1316–1317 (9th Cir.1977). Thus, even if the destruction of a permittee's property is the result of a conscious decision on the part of government officials in the course of a project in the public interest, recovery is precluded. The permittee has assumed the risk that such a decision may be necessary. Such was the case in *United States v. 5.96 Acres of Land,* 593 F.2d 884 (9th Cir.1979), where the intentional act by the government was the flooding of the permittee's property, yet the clause was held to preclude recovery. Accordingly,

IT IS ORDERED that Defendant's Motion for Summary Judgment is granted.